NOT DESIGNATED FOR PUBLICATION

No. 124,229

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

STATE OF KANSAS,
*Appellee*,

v.

JESSE ALAN JULIAN,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; CAREY L. HIPP, judge. Opinion filed February 25, 2022. Affirmed.

Submitted by the parties for summary disposition pursuant to K.S.A. 2020 Supp. 21-6820(g) and (h).

Before GARDNER, P.J., HILL and ISHERWOOD, JJ.

PER CURIAM: Jesse Alan Julian asks us to resolve whether the district court abused its discretion when it revoked his probation and imposed his underlying prison term following Julian's commission of three new criminal offenses. At Julian's request, we will resolve this matter through summary disposition under Supreme Court Rule 7.041A (2022 Kan. S. Ct. R. at 48) in lieu of briefs from the parties. After a thorough review of the matter, we decline to find that the decision of the district court is either arbitrary or unreasonable. Thus, that decision is affirmed.

1

In June 2018, Julian pleaded no contest to unlawful possession of methamphetamine and possession of stolen property. The court exercised leniency and granted Julian a dispositional departure to probation with an underlying prison term of 30 months.

Julian violated his probation in short order and served a one-day jail sanction as a result. He returned to probation, but his drug dependency remained in the driver's seat and Julian quickly found himself back in court to answer for a series of violations, including the commission of three new crimes. The warrant alleged that Julian (1) admitted to ingesting methamphetamine; (2) failed to report to community corrections for several months; (3) was unsuccessfully discharged from outpatient substance abuse treatment; and (4) committed possession of methamphetamine with intent to distribute, possession of drug paraphernalia, and failure to possess a tax stamp.

The district court conducted an evidentiary hearing, found that Julian committed each of the alleged violations, and revoked his probation. Julian requested a 60-day jail sanction followed by inpatient treatment as a consequence for his transgressions. The judge declined to reinstate probation and commented that while his preference is to afford offenders the chance for treatment and rehabilitation, Julian already received two such opportunities and neglected to avail himself of either one. The court bypassed the intermediate sanction structure on the grounds that Julian committed new crimes and received probation as the product of a dispositional departure and ordered him to serve his underlying sentence.

Julian acknowledges that the court's ruling is neither the product of legal nor factual error. Rather, he argues that because he is saddled with a severe drug dependency that renders compliance with the terms and conditions of his probation exceedingly difficult, reinstatement of probation so he can obtain treatment for his addiction is the more reasonable disposition. He requests reversal of the district court's decision and

remand of his case for what he considers a more appropriate result under the circumstances.

Once a probation violation is established, the district court may revoke a defendant's probation. *State v. Gumfory*, 281 Kan. 1168, Syl. ¶ 1, 135 P.3d 1191 (2006). Thus, we review the district court's revocation of Julian's probation for an abuse of that discretion. *State v. Coleman*, 311 Kan. 332, 334, 460 P.3d 828 (2020). Discretion is abused when the decision at issue is (1) based on an error of law; (2) based on an error of fact, or (3) is otherwise arbitrary, fanciful, or unreasonable. *State v. Levy*, 313 Kan. 232, 237, 485 P.3d 605 (2021).

The route taken by the district court does not reflect an abuse of discretion. First, the fact Julian's violations included the commission of new crimes, and that his probation arose from the grace of a dispositional departure, enabled the court to bypass any intermediate sanctions. K.S.A. 2017 Supp. 22-3716(c)(8)(A). Further, while it is true that another shot at probation may potentially and, ideally, afford Julian an additional opportunity to seek treatment for his addiction, the reality of this case is that he likely would not capitalize upon that possibility. The district court clearly understood that unfortunate reality given Julian twice received and declined to pursue the pathway to treatment made available to him. Under these circumstances, we decline to find no reasonable person would agree with the district court's decision.

Affirmed.